JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brian Kepcsynski

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark Loderman, Esq. Kamensky Cohen & Riechelson
194 South Broad St.
Trenton NJ 08608    609-394-8585

## DEFENDANTS
Real Entertainment Phila, Inc d/b/a World Cafe Live

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC §12101 et seq.
Brief description of cause:
Employment Discrimination on basis of disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/2/13
SIGNATURE OF ATTORNEY OF RECORD: Mark O. L.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BRIAN KEPCSYNSKI,
909 Bristol Pike
Apartment E-11
Croydon, PA 19021

CIVIL ACTION NO.:

Plaintiff,

vs.

JURY TRIAL DEMAND

REAL ENTERTAINMENT - PHILA., INC.
d/b/a WORLD CAFÉ LIVE!
3025 Walnut Street
Philadelphia, PA 19104

COMPLAINT

Defendant.

Plaintiff, Brian Kepcsynski, residing at 909 Bristol Pike Apartment E-11 Croydon, PA 19021, by way of complaint, says:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).

2. The jurisdiction of this Court is also specifically invoked under the provisions of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.

3. Plaintiff commenced this action within ninety days after receipt of his Right to Sue Letter on October 9, 2012 from the Equal Employment Opportunity Commission. A copy of the Right to Sue Letter is attached as Exhibit A.

4. The Court has jurisdiction under 28 U.S.C. § 1367 through the principles of pendent

1

jurisdiction for state law claims, namely the Pennsylvania Human Relations Act (PHRA), 43 P.S.§§ 951 *et seq* and such other common law claims.

5. The venue of this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff, Brian Kepcsynski, is an individual citizen of the Commonwealth of Pennsylvania residing at 909 Bristol Pike Apartment E-11 Croydon, PA 19021. At all relevant times hereto, Plaintiff was an "employee" of Defendant as such term is defined in the ADA and the PHRA

7. Defendant, Real Entertainment - Phila., Inc. d/b/a World Café Live!, is a business operating at all relevant times in the Commonwealth of Pennsylvania operating at 3025 Walnut Street Philadelphia, PA 19104. Defendant, Real Entertainment - Phila., Inc. d/b/a World Café Live!, is a "covered entity" within the meaning of § 101(2) of the ADA, 42 U.S.C. §§ 12111(2), in that it is engaged in an industry affecting commerce and it has had at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year. Further, it is an "employer" under 43 P.S. § 954(b) in that it employs four or more persons within the Commonwealth of Pennsylvania.

8. Defendant employed Plaintiff in this judicial district.

## FACTS

9. Plaintiff belongs to a protected class because he is a "qualified individual with a disability" under the ADA, 42 U.S.C. §§ 12111(8) and a person with a "disability" under the PHRA, as he has bipolar disorder.

10. Plaintiff began his employment with Defendant on November 11, 2009 as a Line Cook.

11. At all times relevant herein and throughout the course of his employment, Plaintiff performed his duties in a satisfactory manner. Plaintiff often went above and beyond by working long hours to make sure the kitchen ran smoothly.

12. Plaintiff was diagnosed with bipolar disorder, which, among other things, substantially limit brain function.

13. Plaintiff informed Defendant of his disability through the person of Joe Deamer, Acting Head Chef, months before the termination of his employment on January 17, 2011.

14. At no time did Defendant request medical certification or clarification. Plaintiff was willing and able to provide any appropriately requested certifications.

15. On January 17, 2011 Plaintiff again advised his superiors, Joe Deamer, Acting Head Chef, and Lisa Margraff, of his diagnosis.

16. Plaintiff requested he be reasonably accommodated by, among other things, providing him time for hospitalization so that he may better control his condition.

17. The material functions of Plaintiff's job could be performed adequately with such reasonable accommodations.

18. Defendant refused to reasonably accommodate Plaintiff.

19. On January 17, 2011, Defendant unlawfully terminated Plaintiff's employment.

20. Plaintiff filed a complaint with the Equal Employment Opportunity Commission and concurrently filed with the Pennsylvania Human Relations Commission regarding his termination.

21. Plaintiff remains under a physician's care as a result of his disability.

22. Defendants and their agents by their discrimination have caused Plaintiff lost pay and

benefits, physical injury, mental anguish, embarrassment and humiliation.

### COUNT I (VIOLATION OF THE ADA)

23. Plaintiff incorporates paragraphs 1-22 as if fully rewritten herein.

24. By and through the course of conduct described herein, Defendant has engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1), and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(1), and 12112(b)(5)(b). These practices include without limitation, refusing to provide Plaintiff with reasonable accommodations for his disability, retaliating against him for seeking reasonable accommodations, and terminating his employment as a result of his disability and/or perceived disability.

25. These unlawful practices were intentional on the part of Defendant and its management.

26. These practices have caused Plaintiff to be discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

27. These practices have further caused Plaintiff a deprivation of equal employment opportunities and otherwise adversely affected Plaintiff because of his disability.

28. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Brian Kepcsynski, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Americans with Disabilities Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay,

back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; punitive damages; counsel fees, costs, and interest.

### COUNT II (VIOLATION OF THE PHRA)

29. Plaintiff incorporates paragraphs 1-28 as if fully rewritten herein.

30. By and through the course of conduct described herein, Defendants violated 43 P.S.§§ 951 *et seq.* by refusing to provide Plaintiff with reasonable accommodations for his disability, retaliating against him for seeking reasonable accommodations, and terminating his employment as a result of his disability and/or perceived disability.

31. These unlawful practices were intentional on the part of Defendant and its management.

32. These practices have caused Plaintiff to be discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

33. These practices have further caused Plaintiff a deprivation of equal employment opportunities and otherwise adversely affected Plaintiff because of his disability.

34. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Brian Kepcsynski, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Pennsylvania Human Relations Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe

benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; counsel fees, costs, and interest.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

Law Offices of
**KAMENSKY ◆ COHEN & RIECHELSON**

BY: *[signature]*
MARK D. LADERMAN, ESQUIRE
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585

Dated: January 2, 2013

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brian Kepcsynski<br>909 Bristol Pike<br>Apartment E-11<br>Croydon, PA 19021 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2011-61116 | Pinkey M. Lucas,<br>Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Spencer H. Lewis, Jr.,
District Director

October 5, 2012
*(Date Mailed)*

Enclosures(s)

cc:   REAL ENTERTAINMENT-PHILA., INC.

Derek Newton, Representative
World Cafe Live!
3025 Walnut Street
Philadelphia, PA 19104

Mark D. Laderman, Atty.
Kamensky, Cohen & Riecheison
194 South Broad Street   LAW OFFICES OF KC&R
Trenton, NJ 08604

OCT 0 9 2012

RECEIVED

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Brian Kepcsynski, 909 Bristol Pike, Apt E-11, Croydon PA 19021_

Address of Defendant: _Real Entertainment-Phila, Inc d/b/a World Cafe Live!, 3025 Walnut St, Phila, PA_

Place of Accident, Incident or Transaction: _3025 Walnut St., Philadelphia, PA 19104_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Mark D. Laderman_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: _1/2/13_    _[signature]_    _201153_
                  Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/2/13_    _[signature]_    _201153_
                  Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Brian Kepcsynski

v.

Real Entertainment-Phila,
Inc. d/b/a World Cafe Live!

Civil Action
No: _____

DISCLOSURE STATEMENT FORM

Please check one box:

☑  The nongovernmental corporate party, __Brian Kepcsynski__
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐  The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

__1/2/13__                              __Mark J. [signature]__
Date                                    Signature

Counsel for: __Plaintiff, Brian Kepcsynski__

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:
          (1)   identifies any parent corporation and any publicly held corporation owning10% or more of its stock;  or

          (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
          (1)   file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
          (2)   promptly file a supplemental statement if any required information changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Brian Kepcsynski            :      CIVIL ACTION
              v.            :
Real Entertainment-Phila,   :
Inc d/b/a World Cafe Live!  :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

1/2/13             Mark D. F_____         Plaintiff, Brian Kepcsynski
**Date**           **Attorney-at-law**      **Attorney for**

609-394-8585       609-394-8620             mladerman@kcrlawfirm.com
**Telephone**      **FAX Number**           **E-Mail Address**


(Civ. 660) 10/02

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

<u>Brian Kepcsynski</u>
Plaintiff

v.   Civil Action No.

<u>Real Entertainment Phila, Inc.</u>
d/b/a World Cafe Live!
Defendant

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Real Entertainment Phila, Inc
d/b/a World Cafe Live!
3025 Walnut St.
Philadelphia PA 19104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc: